IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL JAMES HAMILTON | : | |
| Plaintiff | : | |
| v. | : | CIVIL ACTION NO. RDB-07-485 |
| BALTIMORE COUNTY DEP'T OF CORRECTIONS | : | |
| and | : | |
| JAMES P. O'NEILL | : | |
| Defendants | : | |

..oOo..

**MEMORANDUM OPINION**

Before the Court is a *pro se* civil rights complaint filed by Michael James Hamilton (Hamilton) concerning the conditions of his confinement while he was a pre-trial detainee at the Baltimore County Detention Center (BCDC).[1] Plaintiff requests injunctive relief and $25,000 damages. Counsel for Defendants, the Baltimore County Department of Corrections and James P. O'Neill, Administrator of the Baltimore County Department of Corrections, has filed a Motion to Dismiss, or in the Alternative, a Motion for Summary Judgment as supplemented with verified exhibits. Defendants rely on materials beyond the scope of the Complaint and their pleading shall be construed as a motion for summary judgment pursuant to Fed. R. Civ. P. 56. A hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2004). After review of the pleadings, exhibits, and applicable law, the Court will grant Defendants' Motion for Summary Judgment.

___
[1] Plaintiff is no longer incarcerated at BCDC, thereby rendering his claims for injunctive relief moot. *See Williams v. Griffin*, 952 F. 2d 820, 823 (4th Cir. 1991) ("[T]he transfer of a prisoner render[s] moot his claims for injunctive and declaratory relief).

**SUMMARY JUDGMENT**

Summary judgment is granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. This does not mean that any factual dispute will defeat the motion. By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003). The Court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The Court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *See Celotex*, 466 U.S. at 322.

**BACKGROUND**

In his declaration, James O'Neill attests to the following. Hamilton arrived at BCDC on October 18, 2006, awaiting trial on criminal charges for misdemeanor theft (less than $300.00) and possession of a controlled dangerous substance other than marijuana. Hamilton was placed in Unit 3C-9 on an upper bunk beginning on October 31, 2006. Unit 3C-9 where Hamilton was housed has two beds and one floor mat and accommodates three inmates. Inmate was assigned to the cell consistent with his medium security classification status. Administrator O'Neill declares that BCDC had an on-going contract with a pest control company to prevent and eliminate pests, including mice, at all times Hamilton was confined there. The pest control contractor treated the facility once a month. According to Administrator O'Neill, Hamilton never complained about mice running on and around him. There is no record that Hamilton filed any medical complaints in regard to his claim about jumping from the top bunk of the cell. O'Neill Decl.

Hamilton claims: 1) he had been made to sleep on the floor; 2) he sustained "very minor sprains" from jumping off the top bunk to the floor of his cell; and 3) prisoner cells were infested with mice that woke him at night and ate $20.00 worth of his food. Complaint. He states that inmates held a monthly meeting with "the Administration[2] and at these meetings we complain about the mouse infestation, three people to a cell, sleeping on the floor etc." *Id*.

**DISCUSSION**

The Court notes *sua sponte* that Hamilton fails to allege any personal involvement by Administrator O'Neill in the deprivations claimed here. A supervisor cannot be held vicariously liable under the doctrine of respondeat superior in a §1983 action,. *See Monell v. Department of*

---

[2] Hamilton does not identify the officials who attended these meetings.

*Social Services of the City of New York*, 436 U.S. 658, 694 (1978); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982). A supervisor is liable only if a plaintiff proves injury of constitutional magnitude either as a result of personal involvement by the supervisor or as a result of official policy, custom, or practice. *See id.* at 690. Absent any allegations of personal involvement or official policy, the claims against Defendant O'Neill must be dismissed as a matter of law.

Further, the Department of Corrections is not a legally cognizable entity subject to suit. *See County Council for Montgomery County v. Supervisor of Assessments of Montgomery County,* 274 Md. 116,123 (1975); *see also Revenue v Charles County Commissioners*, 882 F.2d 870 (4th Cir. 1989). Consequently, the Department of Corrections must be dismissed as a defendant in this proceeding.

**Due Process**

The Court recognizes that Plaintiff is a *pro se* litigant and has accorded the Complaint liberal interpretation. *See Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978). Even if this matter were to proceed to review on the merits, however, Plaintiff's allegations fail to demonstrate a constitutional violation. To the extent Plaintiff intends to raise constitutional claims based on the conditions of his confinement, they are evaluated under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The due process rights of pretrial detainees are at least as coextensive with Eighth Amendment rights of convicted prisoners, perhaps greater. *See Loe v. Armistead*, 582 F. 2d 1291, 1294 (4th Cir 1978). Where a pretrial detainee complains of prison conditions, the proper inquiry is whether the conditions amount to punishment or lack a reasonable relationship to a legitimate nonpunitive

4

governmental objective from which punitive intent may be inferred. *See Hill v. Nicodemus*, 979 F. 2d 987, 991 (4th Cir. 1992). To establish a due process violation, a detainee must prove the deprivation was serious and prison officials acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Plaintiff must demonstrate that defendant's actions or omissions deprived him of the minimal necessities of life. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Court will review Plaintiff's claims under this standard.

**Conditions of Confinement**

    **Cell Conditions**

Hamilton claims that he had to sleep on the floor at BCDC. Viewing the facts alleged in the light most favorable to Plaintiff, however, the Court finds that these conditions do not amount to a violation of constitutional magnitude. There are no facts alleged that these conditions were intended as punishment or that Defendant knew of and disregarded an excessive risk to Plaintiff's safety or well-being. Plaintiff does not allege that he sustained any physical injury as a result of these conditions. The situation might well have been less then comfortable, but it was temporary. The facts alleged do not amount to a violation of constitutional consequence.

Hamilton also complains that he suffered "very minor sprains" from jumping off the top bunk in contradiction to his claim that he slept on the floor. There is neither record that Plaintiff complained to correction officials nor sought medical treatment for any "sprain" from jumping off the top bunk. He fails to show any punitive animus by Defendant and this claim fails to demonstrate a violation of constitutional magnitude.

    **Mouse Infestation**

The presence of mice can be unpleasant, but Plaintiff's complaint that mice woke him and

ate his food does not substantiate a constitutional violation. As earlier noted, efforts were made to prevent and eliminate pests in the facility. Moreover, Plaintiff fails to show punitive intent by Defendant, or allege that he suffered any harm as a result of the condition.

## CONCLUSIONS

The Court finds that there is no genuine issue as to any material fact and that Defendant is entitled to a judgment as a matter of law. A separate Order consistent with this Memorandum Opinion follows.

November 9, 2007  /s/
    Date                         RICHARD D. BENNETT
                              UNITED STATES DISTRICT JUDGE